**Oscar Dominguez LOPEZ, Petitioner,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

No. 06–75454.

United States Court of Appeals, Ninth Circuit.

---

General, pursuant to Fed. R.App. P. 43(c)(2).

Submitted Sept. 10, 2007 **.

Filed Oct. 18, 2007.

Oscar Dominguez Lopez, El Monte, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, THOMAS and RAWLINSON, Circuit Judges.

### MEMORANDUM ***

The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

Respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). Accordingly, this petition for review is denied.

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

PREGERSON, Circuit Judge, dissenting:

I dissent. This case, and the 60 others like it filed today, will have an adverse effect on children born in the United States whose parent/parents are illegal immigrants. When a parent is denied cancellation of removal, the government effectively deports the United States-born children of that parent. This unconscionable result violates due process by forcing children either to suffer de facto expulsion from the country of their birth or forego their constitutionally-protected right to remain in this country with their family intact. *See, e.g., Moore v. City of East Cleveland,* 431 U.S. 494, 503–05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this nation's history and tradition."); *Stanley v. Illinois,* 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the 14th Amendment.").

Furthermore, as a nation we should recognize that many who came here illegally and many children born of illegal immigrants serve and have served with honor and distinction in our military forces, and many have laid down their lives on the altar of freedom.

As I have said before, "I pray that soon the good men and women in our Congress will ameliorate the plight of families like the [petitioner's] and give us humane laws that will not cause the disintegration of

---

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

such families." *Cabrera–Alvarez v. Gonzales,* 423 F.3d 1006, 1015 (9th Cir.2005).